UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEVE J. GARNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:21-cv-00220-JPH-MJD |
| | ) |
| R. LEE, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING AND DISMISSING THE COMPLAINT**

Steve Garner is a federal inmate. He brings this lawsuit against two federal prison officials alleging violations of his constitutional rights. For the reasons explained below, his complaint is dismissed for failure to state a claim. Mr. Garner has through **October 14, 2021**, to file an amended complaint. Otherwise, the action will be dismissed.

**I. SCREENING STANDARD**

Because Mr. Garner is a prisoner, the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(c). The Court applies the same standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. THE COMPLAINT

The complaint names defendants Officer R. Lee and Officer J. Bradley. Mr. Garner is seeking compensatory damages for past misconduct. Thus, the Court construes the complaint as alleging *Bivens* claims against these defendants in their individual capacities.

The complaint alleges that Mr. Garner was the subject of a disciplinary proceeding after he threatened Officer Lee's wife. Officer Lee was allegedly harassing Mr. Garner, and Mr. Garner told him "I have a cousin here in Terre Haute, she has a hobby of calling mans's wifes (sic) up. Have a mice (sic) day." Dkt. 1, p. 5. Officer Bradley presided over the disciplinary hearing and found Mr. Garner guilty of threatening another with bodily harm. *See generally* dkt. 1-1, pp. 2-7 (disciplinary documents). After Mr. Garner was placed in segregation, he "got second hand 'MACE' (4) four times." Dkt. 1, p. 3. Mr. Garner is an open-heart surgery patient, and exposure to mace or other chemical sprays could have caused him to suffer a heart attack.

Even though Mr. Garner admits to threatening Officer Lee's wife, he nevertheless alleges that the conduct report was "a total lie" and that "it looks like Officer R. Lee is filing this write up on plaintiff in retaliation for plaintiff" filing a lawsuit against another correctional officer. *Id.* at 6 (cleaned up). He also alleges that Officer Bradley was "trying to cover up for R. Lee" by finding him guilty and refusing to review surveillance video of Officer Lee's harassment.

## III. DISCUSSION

The allegations in the complaint do not create a reasonable inference that Mr. Garner suffered a constitutional deprivation. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal

protection of the laws."). Thus, Mr. Garner's claim against Officer Lee for harassment is **dismissed for failure to state a claim**.

His claim against Officer Bradley for refusing to review the surveillance video of this harassment at his disciplinary proceeding is also **dismissed for failure to state a claim**. Prisoners are entitled to present exculpatory evidence at a disciplinary hearing. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, Officer Lee's alleged conduct does not undermine the allegations in the conduct report. To the contrary, the allegations in the complaint are consistent with the allegations in the conduct report. *Compare* dkt. 1 *with* dkt. 1-1, p. 3. Accordingly, the surveillance video is not exculpatory, and Officer Bradley's refusal to review the surveillance video did not violate Mr. Garner's right to due process.

His claim against Officer Lee for retaliation and his claim against Officer Bradley for covering up this retaliation are **dismissed for failure to state a claim**. To plead a First Amendment retaliation claim, Mr. Garner must allege that he engaged in protected speech, that he endured a deprivation that was likely to deter a reasonable prisoner from engaging in future protected speech, and that the protected speech was at least a motivating factor for this retaliation. *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). The complaint does not create a reasonable inference that Mr. Garner's lawsuit was a motivating factor for the conduct report. Mr. Garner admits that he threatened Officer Lee's wife and was written up moments later. His speculation that it "looks like" Officer Lee wrote him up in retaliation for a pending lawsuit is not sufficient, especially where the complaint has not even alleged that Officer Lee knew about the lawsuit.[1]

---

[1] Further, in *Fulks v. Watson*, 2021 WL 1225922, *2 (S.D. Ind. Mar. 31, 2021), this Court concluded that special factors counseled against extending *Bivens* to First Amendment retaliation claims. *See Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) (directing courts to conduct special factors analysis if a constitutional claim involving federal actors arises out of a new context).

Finally, his claim that he "got second hand 'MACE'" four times after he was placed in segregation is **dismissed**. He has not alleged that either defendant was personally involved in any of these episodes. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation…. A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

## IV. CONCLUSION

For the reasons set forth above, the complaint is **dismissed for failure to state a claim upon which relief may be granted**. Mr. Garner has through **October 14, 2021**, to file an amended complaint. If he does not meet this deadline, the action will be dismissed without further warning or ability to show cause.

The **clerk is directed** to send Mr. Garner a copy of the Court's prisoner complaint form with his copy of this Order.

**SO ORDERED**.

Date: 9/21/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

STEVE J. GARNER
17799-001
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734